IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **CYRIL MURRAY** | § § § | |
| **v.** | § § | **CIVIL ACTION NO. 14-CV-01076** |
| **THE UNITED STATES OF AMERICA** | § § § | |

### DEFENDANT'S MOTION TO DISMISS
### FOR LACK OF SUBJECT MATTER JURISDICTION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant United States of America ("the United States"), by and through the U.S. Attorney for the Western District of Texas, and submits this Motion to Dismiss for Lack of Subject Matter Jurisdiction. In support thereof, the United States offers the following:

### I. STATEMENT OF THE CASE

On November 10, 2014, Plaintiff initiated suit against Tsao-Chuen Ku, D.M.D. in the Justice Court, Precinct 4, of Travis County, Texas. In the state court petition, Plaintiff alleges a negligence claim against Dr. Ku based on dental care she provided to Plaintiff in October 2014. Plaintiff seeks monetary damages for the tort claim asserted against Dr. Ku.

On December 1, 2014, this case was removed to this Court based on the United States Attorney's certification that Dr. Ku was acting in the course and scope of her federal employment with respect to the allegations made in Plaintiffs' Original Petition. *See* NOTICE OF REMOVAL, filed contemporaneous to the present Motion. Pursuant to the Westfall Act (28 U.S.C. § 2679(d)), the United States was automatically substituted as the proper party defendant for the tort claims against

Dr. Ku. *See Id.* The United States now moves for dismissal of this case pursuant to Federal Rule of Civil Procedure 12(b)(1) because Plaintiff's lawsuit is premature since he failed to submit an administrative tort claim to the appropriate Federal agency regarding the allegations that form the basis of this lawsuit, which is a prerequisite to maintaining jurisdiction before this Court. Thus, Plaintiff has failed to exhaust his administrative remedies and dismissal is appropriate.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) allows the court to dismiss a case for lack of subject matter jurisdiction. A district court has the power to dismiss for lack of subject matter jurisdiction on any of three separate bases: (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The party asserting jurisdiction bears the burden of proof on a Rule 12(b)(1) motion to dismiss and must show that jurisdiction exists. *Id.*

## III.  UNDISPUTED FACTS

For purposes of this motion, the following facts are undisputed:

1. Tsao-Chuen Ku, D.M.D. is an employee of the U.S. Department of Veterans Affairs (the "VA"). *See* Certification of John Paniszczyn, attached hereto as Exhibit 1.

2. The VA is a federal agency, and is covered under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§1346(b), 2401(b), and 2671-2680. *Id.*

3. At all times relevant to Plaintiff's allegations, Dr. Ku was acting within the course and scope of her federal employment. *Id.*

4.      Plaintiff has not presented an administrative claim to the VA concerning the allegations that form the basis of this lawsuit.  *See* Declaration of Melinda Perritano, attached hereto as Exhibit  2.

## IV.  GROUNDS FOR MOTION

The United States moves for the dismissal of this action pursuant to Rule 12(b)(1) because this Court lacks subject matter jurisdiction.

### A.    Dr. Ku Is Immune from Suit.

Here, Plaintiff attempts to sue Dr. Ku individually for the dental care she provided.  The United States Attorney, however, has certified that Dr. Ku was acting within the course and scope of her employment at the time giving rise to Plaintiffs' allegations.  Thus, Plaintiff cannot sue Dr. Ku but must sue the United States.  *See Mitchell v. Carlson*, 896 F.2d 128, 133 (5th Cir. 1990) ("Under the [Westfall] Act, once the United States Attorney certifies that the federal employee acted within the scope of her employment, the plaintiff properly can proceed only against the United States as defendant.  The federal employee remains immune from suit.").  Pursuant to the Westfall Act, Dr. Ku is immune from suit.

### B.    The Court Lacks Jurisdiction Over This Case Because Plaintiffs Have Failed to Meet the Requirements Set Out in the Federal Tort Claims Act (FTCA).

The United States enjoys sovereign immunity from suit unless it consents to be sued.  *United States v. Mitchell*, 445 U.S. 535, 538 (1980).  The FTCA, 28 U.S.C. §§ 1346(b) and 2671-80, represents a limited waiver of the United States' sovereign immunity for certain torts of federal employees acting within the scope of their employment.  *Leleux v. United States*, 178 F.3d 750, 754

(5th Cir. 1999) (explaining that such waivers are construed narrowly in favor of the United States).

The FTCA waives immunity for any:

> negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b).

Under the FTCA, a plaintiff is required, prior to the institution of suit, to submit an administrative claim to the appropriate federal agency. 28 U.S.C. § 2675(a). Section 2675(a) provides in relevant part the following:

> **An action shall not be instituted upon a claim against the United States for money damages** for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, **unless the claimant shall have first presented the claim to the appropriate Federal agency** and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a) (emphasis added). Thus, it is settled law that the presentation of an administrative claim complying with Section 2675 and the FTCA regulations is a non-waivable jurisdictional requirement. *McNeil v. United States*, 508 U.S. 106, 110-13 (1993) (barring FTCA claimants from bringing suit in federal court until they have exhausted their administrative remedies); *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995) (affirming dismissal for lack of subject matter jurisdiction because the FTCA plaintiff in a conversion action failed to first comply with administrative claim procedure).

In order to withstand a motion to dismiss, a plaintiff must allege compliance with Section 2675(a), when suit under the FTCA is attempted. *See Keese v. United States*, 632 F.Supp. 85, 92

(S.D. Tex. 1985); *see also Mack v. Alexander*, 575 F.2d 488, 489 (5th Cir. 1978) (upholding dismissal for lack of jurisdiction where plaintiff had not met FTCA requirement of filing administrative claim). Here, Plaintiff has failed to plead the exhaustion of his administrative remedies under the FTCA. Further, no administrative claim has been submitted to the VA for any damages as a result of any alleged wrongdoing of the United States. Since no administrative claim has been submitted, no judicial action against the United States can be maintained.[1] Therefore, the Court lacks subject matter jurisdiction, and this suit must be dismissed. *McNeil*, 508 U.S. at 113; *Price*, 69 F.3d at 54; *Keese*, 632 F.Supp. at 92.

---

[1] It should be noted that the FTCA does allow Plaintiffs to submit an administrative claim within 60 days of dismissal of the instant action. *See* 28 U.S.C. § 2679(d)(5). However, this footnote should not be construed to opine on or suggest the validity or viability of such a claim.

## V. **PRAYER**

ACCORDINGLY, the United States respectfully requests that the Court grant the instant motion and dismiss Plaintiff's action for lack of subject matter jurisdiction.

> Respectfully submitted,
>
> ROBERT PITMAN
> UNITED STATES ATTORNEY
>
> By: */s/ Mark Guerrero*
> MARK GUERRERO
> Assistant United States Attorney
> Texas Bar No. 24032377
> 816 Congress Avenue, Suite 1000
> Austin, Texas 78701
> (512) 916-5858 (phone)
> (512) 916-5854 (fax)
> Mark.Guerrero@usdoj.gov
>
> ATTORNEYS FOR DEFENDANT,
> UNITED STATES OF AMERICA

## **CERTIFICATE OF SERVICE**

      I certify that on December 1, 2014, the foregoing Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction was served on the Plaintiff, who is proceeding pro se in the case, via U.S. Certified Mail, Return Receipt Requested.

Cyril Murray
8520 White Ibis Drive
Austin, Texas 78729

                                      */s/ Mark Guerrero*
                                      MARK GUERRERO
                                      Assistant United States Attorney

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| **CYRIL MURRAY** § § § | |
| **v.** § § | **CIVIL ACTION NO. 14-CV-01076** |
| **THE UNITED STATES OF AMERICA** § § § | |

**ORDER**

ON THIS DAY came on to be heard **Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction**. After reviewing the pending motion, the pleadings, the submissions of the parties, and the applicable law, the Court is of the opinion that the following order should issue:

It is hereby **ORDERED** that the **Motion to Dismiss** is **GRANTED**. Therefore, Plaintiff's action against Defendant United States of America is **DISMISSED** for lack of subject matter jurisdiction.

SIGNED on this the _____ day of _____, 20___.

_____
UNITED STATES DISTRICT JUDGE